United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANNA BONDERENKO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THOMSON FINANCIAL INC.,<br><br>　　　　Defendant.　　　　　　　　　／ | No. C 05-4774 CRB<br><br>**ORDER TO SHOW CAUSE** |

  Plaintiff filed a complaint in state court alleging two causes of action surrounding the failure of defendant to pay her the appropriate wages.  In her complaint, plaintiff prays for compensatory damages "according to proof" but above the minimal jurisdictional amount in state court of $25,000.   Now pending before the Court is defendants' Notice of Removal based on diversity jurisdiction. See 28 U.S.C. § 1441(b).  Defendant submits a supporting declaration attesting to an amount-in-controversy that more likely than not exceeds $75,000.

  A district court may sua sponte raise the issue of subject matter jurisdiction.  See Galt G/S v. Hapag-Lloyd AG, 60 F.3d 1370, 1373 (9th Cir. 1995).  As the party invoking the court's diversity jurisdiction, a removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).   If it is unclear from the complaint what amount of damages plaintiff seeks, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."

Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Valdez v. Allstate Ins. Co., 372 F.3d 1115 (9th Cir. 2004) (stating that the removing defendant needs to "provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount.") (internal quotations and citations omitted).  A defendant must set forth in the removal petition itself the underlying facts supporting its assertion that the amount in controversy is met.  See Gaus, 980 F.2d at 566.  "Where doubt regarding the right to removal exists, a case should be remanded to state court."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

  The Court is not satisfied that the amount in controversy has been met by a preponderance of the evidence.  In defendant's counsel's declaration, he asserts that because plaintiff's compensation during her employment was well in excess of $100,000, the amount-in-controversy for her lost commissions satisfies the jurisdictional requirement.  Yet defendant does not explain the correlation between earnings and commissions.  As a result, the Court is not convinced that plaintiff's commissions determines her earnings.  In turn, defendant has not proven by a preponderance of the evidence that plaintiff's lost commissions from 2000 to 2005, and any corresponding statutory penalties, would exceed $75,000.

  Defendant has failed to meet its burden of proving the amount in controversy by a preponderance of the evidence.  Defendant is hereby instructed to file a submission demonstrating that the amount in controversy is met.  If defendant fails to make its submission by December 16, 2005, or the submission fails to meet the proper burden, the Court will remand the matter to state court.

  **IT IS SO ORDERED.**

Dated: December 9, 2005

CHARLES  R. BREYER
UNITED STATES DISTRICT COURT